UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SLFAQ, LLC
*Judgment Assignee*,

                Plaintiff,

-against-                                  1:21-MC-11 (LEK/DJS)

CHRIS ARDUNI AND
SHELLEY ARDUNI,
*Judgment Debtors*

                Defendant.

## MEMORANDUM-DECISION AND ORDER

### I.   INTRODUCTION

On February 12, 2021, Judgment Assignee SLFAQ, LLC ("SLFAQ") commenced this request for the issuance of a Writ of Execution to enforce a 2020 default judgment obtained against Chris and Shelly Arduini ("Judgment Debtors") in the District Court for the Middle District of Florida by Burton Wiand, as Receiver for Oasis International Group, LTD., Oasis Management, LLC, and Satellite Holdings Company, in the joint amount of $26,448.45 in damages and $5,859.86 in prejudgment interest through November 4, 2020. Dkt. Nos. 1 ("Default Judgment"), 2, 4-1 ("Application"). On October 21, 2025, the Honorable Daniel J. Stewart, United States Magistrate Judge, issued a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), recommending the Application be denied. Dkt. No. 5 ("Report and Recommendation").

No party has filed objections to the Report and Recommendation. For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

## II.   BACKGROUND

The Court assumes familiarity with the factual and procedural background detailed in the Report and Recommendation. *See* R. & R. at 1–2.

## III.   LEGAL STANDARD

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); *see also* 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by magistrate judges are also governed by the Local Rules. *See* L.R. 72.1. 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C). When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406 (emphasis in original).

"A proper objection must be specific." *Nambiar v. Cent. Orthopedic Grp., LLP*, No. 24-1103, 2025 WL 3007285, at *3 (2d Cir. Oct. 28, 2025). To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Nutt v. New York*, No. 12-CV-385, 2012 WL 4006408, at *1 (N.D.N.Y. Sept. 12, 2012) (quoting N.D.N.Y. L.R. 72.1(c)).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections . . . the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Councils. of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

## IV.   DISCUSSION

No party objected to the Report and Recommendation within fourteen days after being served with a copy of it. Accordingly, the Court reviews the Report and Recommendation for clear error. *See DiPilato*, 662 F. Supp. 2d at 339.

In his analysis, Judge Stewart recommended denying SFLAQ's Application as proposed because it was improperly filed. *See* R. & R. at 4. First, Judge Stewart observed that the requested amount in the Application was "both inconsistent and inaccurate" as it requests "'THIRTY TWO EIGHT THOUSAND FIVE HUNDRED ONE dollars and NINETY cents'" but then lists an inconsistent numerical amount, "$32,501.90." *Id.* (quoting Application at 2). Next, Judge Stewart noted that the Application failed to conform with the appropriate standard under 28 U.S.C. § 3203(c)(2)(A) because it "does not include the Judgment Debtors' last known address, a breakdown of interest due, or the rate of post judgment interest." *Id.* Finally, Judge Stewart explained the Application was also defective because it failed to explain whether "any indication to the Judgment Debtors that a federal or state exemption from the Writ of Execution may be available to them," *see id.,* as required by 28 U.S.C. § 3202(b). Accordingly, Judge Stewart recommended that the Application be denied. *Id.*

3

After carefully considering Judge Stewart's well-reasoned Report and Recommendation, the Court finds no clear error. Thus, the Court approves and adopts the Report and Recommendation in its entirety.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 5, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the request by SLFAQ, LLC for the issuance of a Writ of Execution in the form provided to the Court, Dkt. No. 4-1, be **DENIED** with leave to refile a new application with a proposed writ that is in proper form; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   December 16, 2025
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge